# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

**WILLIAM JOSEPH SOMERS,**
*Plaintiff, v.*

26-C 0058

**WESTERN STATES ENVELOPE & LABEL, INC.,**
*Defendant.*

# COMPLAINT

(Jury Trial Demanded)

## I. JURISDICTION AND VENUE

1. This action arises under federal law, including the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq. ("OSH Act"), and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and under the Court's supplemental jurisdiction for related state-law claims.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant does business in this District and the events giving rise to the claims occurred here.

## II. PARTIES

4. Plaintiff **William J. Somers** is an adult resident of West Bend, Wisconsin.

5. Defendant **Western States Envelope & Label, Inc.** ("WSEL") is a business entity doing business in Wisconsin, including at its Butler, Wisconsin facility.

## III. FACTUAL ALLEGATIONS

6. WSEL hired Plaintiff as a **Maintenance Mechanic**. Plaintiff began work on **August 19, 2024**.

7. During his employment, Plaintiff raised workplace safety concerns in good faith.

1

8. On **November 19, 2024**, Plaintiff submitted a formal OSHA Safety and Health complaint in the evening (OSHA reference no. 165789).

9. On the same date, Plaintiff sent a written safety-related complaint to WSEL Human Resources.

10. On **November 21, 2024**, Plaintiff filed a federal OSHA whistleblower retaliation complaint under **Section 11(c) of the OSH Act** (reference no. **ECN114870**).

11. On the morning of **November 21, 2024 (approximately 7:30 a.m.)**, WSEL **terminated Plaintiff's employment**.

12. The termination occurred within approximately **48 hours** of Plaintiff's protected safety complaints and federal OSHA filings.

13. WSEL initially recorded the termination reason as "not a good fit," and later expanded its stated reasons.

14. Plaintiff also pursued wage-related concerns with the Wisconsin Department of Workforce Development regarding unpaid wages and timekeeping practices.

15. On **November 26, 2025**, the EEOC issued Plaintiff a **Dismissal and Notice of Rights** (Right-to-Sue) for Charge No. **26G-2025-00355**, authorizing Plaintiff to bring this civil action.

## IV. CLAIMS FOR RELIEF

### Count I – Retaliation in Violation of the OSH Act (29 U.S.C. § 660(c))

16. Plaintiff engaged in protected activity by making internal safety complaints and filing OSHA complaints, including a Section 11(c) whistleblower filing.

17. WSEL took an adverse employment action by terminating Plaintiff.

18. The close temporal proximity and circumstances establish a causal connection between Plaintiff's protected activity and his termination.

19. WSEL's conduct violated the OSH Act's anti-retaliation provisions.

### Count II – Retaliation Under the FLSA (29 U.S.C. § 215(a)(3))

20. Plaintiff engaged in protected activity concerning wage and hour issues.

21. WSEL took adverse action against Plaintiff.

22. WSEL's conduct constitutes unlawful retaliation under the FLSA.

### Count III – Wisconsin Whistleblower Retaliation (Wis. Stat. §§ 103.865, 101.055, and related provisions)

2

23. Plaintiff reported safety and wage concerns protected by Wisconsin law.

24. WSEL retaliated against Plaintiff for those protected activities.

25. WSEL's conduct violates Wisconsin whistleblower protections.

## V. DAMAGES

26. As a direct and proximate result of WSEL's unlawful conduct, Plaintiff has suffered lost wages and benefits, emotional distress, and other compensatory damages.

27. Plaintiff is entitled to liquidated damages, statutory damages, interest, costs, and reasonable attorneys' fees as allowed by law.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor on all Counts;
B. Award back pay, front pay, and all compensatory and statutory damages available;
C. Award liquidated damages and pre- and post-judgment interest;
D. Award costs and reasonable attorneys' fees;
E. Grant appropriate equitable relief; and
F. Grant any other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a **trial by jury** on all issues so triable.

**Dated:** January 13, 2026

Respectfully submitted,

*/s/ William J. Somers*

**William J. Somers**
Plaintiff, pro se
704 S. Indiana Ave. #8

West Bend, WI 53095
kidsomers@yahoo.com
(262) 323-3984

# VERIFICATION

I, **William J. Somers**, declare under penalty of perjury that the foregoing Complaint is true and correct based on my personal knowledge and official government documents.

Executed on January 13, 2026.

*[signature]*

William J. Somers Dated:
January 13, 2026

Respectfully submitted,

**William J. Somers**
704 S. Indiana Ave. #8
West Bend, WI 53095
kidsomers@yahoo.com
(262) 323-3984

Plaintiff, Pro Se

4