UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM JOSEPH SOMERS,

        Plaintiff,

   v.

WESTERN STATES ENVELOPE & LABEL INC,

        Defendants.

Case No. 26-cv-0058-bhl

## SCREENING ORDER

On January 13, 2026, William Somers, proceeding without an attorney, filed a complaint against Western States Envelope & Label Inc., attempting to bring claims under the Occupational Safety and Health Act (OSHA), the Fair Labor Standards Act (FLSA), and various Wisconsin Whistleblower protection statutes. (ECF No. 1 at 2.) Somers has also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF Nos. 2 & 5.) The matter is now before the Court for consideration of Somers's IFP motion and the screening of his complaint.[1]

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Somers submitted a signed affidavit identifying his assets and financial obligations. (ECF No. 2.) After notifying the Court that he was no longer employed, Somers filed an amended application to proceed IFP, supported by a signed affidavit. (ECF Nos. 4 & 5.) In his latest filing, Somers reports that he has no monthly income and limited assets, including two vehicles (one of which has serious damage), and some "crypto tokens." (*Id.* at 1–2.) He owes a $5,000 judgment for attorneys' fees related to issues involving his claim,

---

[1] This case is the second of four that Somers filed within a month. *See Somers v. Welker*, 26-cv-0028-BHL, ECF No. 1 (Jan. 7, 2026); *Somers v. Schotzko*, 26-cv-0155-BHL, ECF No. 1 (Jan. 29, 2026); *Somers v. Village of Menomonee Falls*, 26-cv-0182-BHL, ECF No. 1 (Feb. 3, 2026).

$1,500 in unpaid rent, $900 in credit card bills, and $3,000 in student loans. (*Id.* at 2.) He does not have any dependents and pays $865 per month in rent, $250 per month in utilities, $1,200 per year to insure his two vehicles, and has extensive costs related to the care of his two small elderly dogs. (*Id.*) Based on these sworn assertions, the Court will grant his motion to proceed IFP.

## SCREENING THE COMPLAINT

The Court also has the authority to screen a *pro se* complaint. *Cf.* 28 U.S.C. §1915(e)(2). In doing so, the Court examines the complaint to determine whether the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *Id*. In screening the complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Somers began work at Western States Envelope & Label, Inc. (WSEL) on August 19, 2024 as a maintenance mechanic. (ECF No. 1 ¶6.) On November 19, 2024, Somers submitted a formal OSHA complaint and sent a written safety related complaint to WSEL human resources. (*Id.* ¶¶8–9.) Two days later, on November 21, 2024, WSEL terminated Somers's employment. (*Id.* ¶11.) Somers filed a whistleblower retaliation complaint that same day. (*Id.* ¶10.) Somers also "pursued

wage-related concerns with the Wisconsin Department of Workforce Development regarding unpaid wages and timekeeping practices." (*Id.* ¶14.) On November 26, 2025, the Equal Employment Opportunity Commission issued Somers a right-to-sue letter related to Charge No. 26G-2025-00355. (*Id.* ¶15.)

## ANALYSIS

Somers attempts to bring three claims against WSEL: (1) retaliation under OSHA, 29 U.S.C. §660(c); (2) retaliation under the FLSA, 29 U.S.C. §215(a)(3); and (3) a state law claim for whistleblower retaliation. (ECF No. 1 at 2–3.) For the reasons discussed below, Somers's complaint does not state a claim, but the Court will grant him leave to file an amended complaint.

Somers's attempt to bring a retaliation claim under OSHA fails because the statute does not authorize a private right of action for retaliation by an employer. Section 660(c) prohibits retaliation against an employee for filing a complaint under OSHA but does not grant the injured employee the right to sue. *Luyon v. GTE, Inc.*, No. 96-2636, 107 F.3d 873 (table decision), 1997 WL 73230, at *1 (7th Cir. Feb. 11, 1997). The only remedy available to the injured employee under this provision is to "file a complaint with the Secretary" alleging the discriminatory retaliation, after which the Secretary will investigate, and, if the Secretary determines a violation occurred, bring an action against the violator. 29 U.S.C. §660(c)(2); *Luyon,* 1997 WL 73230 at *1 (citing *George v. Aztez Rental Ctr., Inc.*, 763 F.32d 184, 185 (5th Cir. 1985); *Taylor v. Brighton Corp.*, 616 F.2d 256, 264 (6th Cir. 1980)). Because Section 660(c) does not give plaintiffs a private right of action, this claim will be dismissed.

With respect to his FLSA retaliation claim, Somers has not alleged facts sufficient to state such a claim. Section 215(a)(3) of the FLSA makes it unlawful to discharge or discriminate against an employee for filing any complaint or instituting any proceeding under or related to the FLSA. To establish a prima facie case of retaliation under the FLSA, Somers must allege that he engaged in expression protected under the FLSA, that he suffered an adverse employment action, and that a causal link existed between the protected expression and the adverse action. *Scott v. Sunrise Healthcare Corp.*, 195 F.3d 938, 940 (7th Cir. 1999). Somers states that he "pursued wage-related concerns" related to unpaid wages and timekeeping practices with the Wisconsin Department of Workforce Development and was discharged from his employment. (ECF No. 1 ¶¶14, 11.) But he does not specify when he made this report to the Wisconsin Department of Workforce Development or if his employer even knew that he made the report. Accordingly, from the

allegations presented, the Court cannot infer that he was fired in retaliation for protected expression.

The Court does not have jurisdiction over Somers's remaining state law claims. Somers and WSEL are both citizens of Wisconsin, (ECF No. 1 ¶¶4–5), so Somers's state law claim does not fall within the Court's diversity jurisdiction. Without any independent basis for jurisdiction, the Court will dismiss those claims too. *See* 28 U.S.C. §1367(c)(3); *see also Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008).[2]

Because Somers's complaint does not state any cognizable federal claims against WSEL, and the Court lacks jurisdiction over his remaining state law claims, the Court will dismiss this case. Before dismissing the case with prejudice, the Court will give Somers a chance to amend his pleading to fix the problems identified in this Order. The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 493–94 (7th Cir. 2022). Accordingly, if Somers believes he can cure the deficiencies identified in this decision, he must file an amended complaint within thirty (30) days. The amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede his prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Somers does not file an amended complaint by the deadline, his case will be dismissed with prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Somers's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 5, is **GRANTED**.

**IT IS FURTHER ORDERED** that Somer's first Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Somers's Complaint, ECF No. 1, is **DISMISSED without prejudice**. If Somers wishes to proceed with this lawsuit, he must file an amended

---

[2] There are also substantive problems with Somers's state law claims. Somers attempts to bring claims under provisions of state law that do not appear to provide him any cause of action against his employer. Wis. Stat. §103.865 does not exist. A nearby provision, Wis. Stat. §103.96, prohibits retaliation by employers against migrant laborers but would not obviously apply to Somers. Wis. Stat. §101.055, "Public employee safety and health," provides public employees of the state of Wisconsin the same rights and protections relating to occupational safety and health under OSHA, but, again, this statute would not apply to Somers, as WSEL is a private company.

complaint on or before **March 20, 2026**. If the Court does not receive Somers's amended complaint by that date, the case will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin on February 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge