WILLIAM JOSEPH SOMERS,

          Plaintiff,

                                Case No. 26-cv-0058-bhl

     v.

WESTERN STATES ENVELOPE & LABEL INC,
et al.,

          Defendants.

## SCREENING ORDER

On January 13, 2026, Plaintiff William Joseph Somers, proceeding without an attorney, filed this lawsuit against Defendant Western States Envelope & Label Inc. (ECF No. 1.) He has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) On February 18, 2026, the Court granted Somers's motion for IFP and screened his complaint. (ECF No. 6.) The Court concluded that Somers's initial complaint failed to state a claim but granted him leave to file an amended complaint. (*Id.*) Somers timely filed a second amended complaint, offering different allegations and adding Rose Montalvo and Kevin Loy as defendants. (ECF No. 7.) The matter is now before the Court for the screening of Somers's amended complaint.

### SCREENING THE COMPLAINT

The IFP statute requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a

plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Somers is an adult resident of West Bend, Wisconsin. (ECF No. 7 ¶9.) Western States is a business entity. (*Id.* ¶10.) Montalvo was, at all times relevant, a human resources manager for Western States. (*Id.* ¶11.) In her role, she handled employee complaints, personnel records, payroll-related communications, and termination paperwork. (*Id.*) Loy was, at all times relevant, a human resources director for Western States. (*Id.* ¶12.) In his role, he handled "wage-and-hour administration, personnel decisions, and termination decisions[.]" (*Id.*)

On August 19, 2024, Western States hired Somers as a maintenance mechanic at its Butler, Wisconsin facility. (*Id.* ¶¶10, 14.) Somers's regular schedule began at 6:30 a.m., although he was permitted to and usually did clock in 10 to 15 minutes early as a "pre-shift." (*Id.* ¶¶15–18, 23.) Despite working this pre-shift, Western States rounded his time down to his scheduled start time and did not pay him for the extra minutes worked. (*Id.* ¶18.) In weeks where Somers's pre-shift caused his total hours to exceed forty per week, Somers was not paid overtime. (*Id.* ¶51.) Around

September 16, 2024, Somers complained about his wage concerns. (*Id.* ¶20.) On either November 18 or 19, 2024, Somers received a ninety-day review, and Western States extended his probation for thirty days. (*Id.* ¶21.) On the evening of November 19, 2024, Somers emailed Montalvo to again complain that he was not being accurately paid. (*Id.* ¶¶22–24.) On November 20, 2024, Somers contacted the Wisconsin Department of Workforce Development regarding his wage claim. (*Id.* ¶25.) On November 21, 2024, Western States terminated Somers's employment. (*Id.* ¶27.) Montalvo and Loy played a part in the termination and knew of Somers's wage complaints. (*Id.* ¶¶28–29.)

On March 5, 2026, the Wisconsin Department of Workforce Development Equal Rights Division determined that Western States owed Somers $1,034.05 for unpaid work and unpaid bonus wages. (*Id.* ¶¶32–34.) Somers now asserts three claims against Western States: (1) retaliation in violation of 29 U.S.C. §215(a)(3); (2) unpaid overtime in violation of 29 U.S.C. §207; and (3) unpaid wages in violation of Wis. Stat. §109.03(5).

## ANALYSIS

Somers's first two claims invoke the Fair Labor Standards Act (FLSA), 29 U.S.C. §201. He alleges that all three Defendants retaliated against him and did not pay him overtime wages.

To state a claim of retaliation under the FLSA, Somers must allege that he engaged in activity protected under the Act, his employer took adverse action against him, and a causal link exists between the two. *See Sloan v. Am. Brain Tumor Assoc.*, 901 F.3d 891, 894 (7th Cir. 2018). In his latest complaint, Somers alleges all three elements. He asserts that he sent an email to Montalvo (that Loy also knew of) complaining about Western States's failure to pay him wages, an action that could constitute protected activity. He further alleges that Western States, through Montalvo and Loy, continued his probationary period and subsequently terminated his employment, both of which might constitute adverse actions. Given the proximity of the events, and the stage of litigation, a jury could plausibly infer that Somers's wage complaints caused the adverse action. Accordingly, Somers may proceed with his FLSA retaliation claim.

To state a claim for unpaid overtime wages under the FLSA, Somers must allege that he performed overtime work for which he was not properly compensated. *See Kellar v. Summit Seating Inc.*, 664 F.3d 169, 173 (7th Cir. 2011). Somers alleges that he sometimes worked overtime because of his pre-shift work and was not compensated for that overtime. Accordingly, he has stated a claim of unpaid overtime wages against Defendants.

Somers's third claim is based on state law. Wisconsin law provides a cause of action when employers fail to pay employees their agreed-upon wages for all hours worked. Wis. Stat. §109.03(1), (5). Somers brings this claim against Western States alone. (ECF No. 7 ¶¶55–60.) Because Somers alleges that Western States failed to pay him for hours worked and failed to pay him a $500 sign on bonus, (*id.* ¶57), he has alleged enough to state a claim against Western States.

The Court will therefore allow Somers to proceed on all three of his claims. The Court notes, however, that Somers has affirmatively alleged that he has already obtained at least some relief from a state agency. If he has already been made whole, it may be that Somers's claims are barred; a litigant is generally not allowed to recover twice for the same loss. *See Humphrey v. Tharaldson Enter., Inc.*, 95 F.3d 624, 626–27 (7th Cir. 1996); *see also Staats v. County of Sawyer*, 220 F.3d 511, 515–18 (7th Cir. 2000). The record does not permit resolution of this issue at screening, however, and, for now, the Court will allow Somers to proceed on his unpaid wage claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, waiver of service form and/or the summons, and this order upon the defendants. Somers is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. §1921(b). The current fee for waiver of service packages is $8 per item. 28 C.F.R. §0.114(a)(2). Congress has not made any provision for waiver of these service fees. Somers is now required, under Fed. R. Civ. P. 5(a)(1), to send a copy of every paper or document filed with the Court to the opposing party or his attorney. Somers should also retain a personal copy of each document. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the defendants or their attorney(s). Somers is further advised that his failure to make a timely submission, including notifying the Court of any changes in address, may result in the dismissal of this case for failure to prosecute under Civil L. R. 41.

**IT IS FURTHER ORDERED** that Defendants shall file responsive pleadings to the complaint within the time allowed under the Federal Rules of Civil Procedure.

Dated at Milwaukee, Wisconsin on April 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge