WILLIAM JOSEPH SOMERS,

        Plaintiff,

                                Case No. 26-cv-0058-bhl

    v.

WESTERN STATES ENVELOPE & LABEL INC,

        Defendants.

## ORDER ON PLAINTIFF'S IN FORMA PAUPERIS STATUS

Within four months, Plaintiff William J. Somers, proceeding *pro se*, has filed five lawsuits and asked for permission to proceed with each *in forma pauperis* (IFP) or without prepayment of the filing fee. *See Somers v. Welker*, Case No. 26-cv-0028-BHL, ECF No. 1 (Jan. 8, 2026); *see also Somers v. Western States Envelope & Label Inc.*, Case No. 26-cv-0058-BHL, ECF No. 1 (Jan. 13, 2026); *Somers v. Schotzko*, Case No. 26-cv-0155-BHL, ECF No. 1 (Jan. 29, 2026); *Somers v. Village of Menomonee Falls*, Case No. 26-cv-0182-BHL, ECF No. 1 (Feb. 3, 2026); *Somers v. U.S. Dep't of Labor*, Case No. 26-cv-0653-BHL, ECF No. 1 (Apr. 15, 2026). In the first four cases, the Court granted Somers's IFP motions (although two of his cases have since been dismissed for failure to state a claim). *See Welker*, Case No. 26-cv-0028-BHL, ECF No. 10; *see also Western States Envelope & Label Inc.*, Case No. 26-cv-0058-BHL, ECF No. 6; *Somers v. Schotzko*, Case No. 26-cv-0155-BHL, ECF Nos. 4 & 6; *Village of Menomonee Falls*, Case No. 26-cv-0182-BHL, ECF Nos. 4 & 5. After his latest motion for IFP, the Court noted discrepancies in Somers's representations about his finances and ordered him to confirm that the information in his latest application was accurate and to explain the differences in his prior representations. *Western States Envelope*, Case No. 26-cv-0058-BHL, ECF No. 10. On May 4, 2026, Somers responded to the Court's order with a five-page submission signed under penalty of perjury. *Id.*, ECF No. 11.

In terms of his job status and income, Somers confirms that while he lost a prior job in January, he began a new job on February 4, 2026 (a day after he filed an IFP motion that makes no mention of this position). *Id.* at 1; *see Village of Menomonee Falls*, Case No. 26-cv-0182-BHL,

ECF No. 2.  He further reports that his new job pays him $35 per hour and that he typically works between 40 and 44.5 hours per week.  *Western States Envelope*, Case No. 26-cv-0058-BHL, ECF No. 11 at 1.  Somers explains that he had "legitimate uncertainty" about whether this new position would continue.  *Id.* at 2.

Somers also confirms that he holds a number of assets, including cryptocurrency and various savings and investment accounts.  As of April 26, 2026, he had balances of $154.95 in his checking account and $49.90 in a savings account but notes he anticipates certain "necessary purchases, including tools required for vehicle repair."  *Id.*  In terms of cryptocurrency and investment assets, Somers reports:  $871.64 in a Binance.us account, $643.00 in a Coinbase account,[1] 30 "AVAX tokens" valued at about $300 (not accessible for another 8 months), $772.90 in Bitcoin, and $865.23 in stocks.  *Id.* at 3, 5.  He makes the uncontroversial point that these values fluctuate.  *Id.*

Somers also identifies a number of debts and liabilities.  He lists a $708.75 Cash App loan, which he repays at $236.25 per week, and a small $1,100 credit card balance.  *Id.* at 3.  He also reports miscellaneous expenses for his vehicles, transportation, and a sixteen-year-old dog.  *Id.* at 3–5.  Somers explains that he needs reliable transportation to get back and forth to work and does not have family or other individuals to assist.  *Id.* at 3–4.

In the end, Somers concedes that he can pay the filing fee "in a strictly technical sense," but given his limited "cash on hand" and his debts and living expenses, paying the fee would create a "meaningful financial hardship" and risk "disruption to [his] ability to work."  *Id.* at 4.  With respect to the discrepancies between his various representations to the Court, Somers insists he has not attempted "to hide assets" or "disguise or manipulate" his reported income.  *Id.* at 5.  He explains he is not a lawyer and did not "fully understand" the process.  *Id.* at 4–5.  He also reports "relying on A.I. to draft documents."  *Id.* at 4.  He was also hit by a car 30 years ago and suffered a "frontal left lobe head injury."  *Id.* at 5.

Notwithstanding Somers's explanations, his prior inconsistent statements to the Court concerning his finances are troubling.  To the extent Somers lost his job, his income may have changed and his various IFP motions may have accurately reported different levels of income at the differing times they were filed.  Almost no one's employment is 100% secure, however, and Somers's uncertainty that his job would continue was not a basis not to accurately report his actual

---

[1] Somers notes that he must pay an outstanding balance of $611.44 before he can access these funds.

income from the job he actually had. *See Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972) ("Plaintiff argued at oral argument before our Court that his salary should not be determinative . . . since he could lose his employment at any time. We feel this argument is superfluous."). The Court is also troubled by Somers's reporting of his crypto and investment assets. He failed to list any crypto tokens in some of his motions. *Western States Envelope & Label Inc.*, Case No. 26-cv-0058-BHL, ECF No. 5 at 1; *Schotzko*, 26-cv-0155-BHL, ECF No. 2 at 1; *Menomonee Falls*, 26-cv-0182-BHL, ECF No. 2 at 1. Similarly, prior to his response to the show cause order, Somers made no mention in any of his filings about his stock ownership. *Welker*, Case No. 26-cv-0028-BHL, ECF Nos. 2, 5, & 6; *Western States Envelope & Label Inc.*, Case No. 26-cv-0058-BHL, ECF No. 5 at 1; *Schotzko*, 26-cv-0155-BHL, ECF No. 2 at 1; *Menomonee Falls*, 26-cv-0182-BHL, ECF No. 2 at 1; *U.S. Dep't of Labor*, Case No. 26-cv-0653-BHL, ECF No. 2 at 1. Yet he now reports *$2,841.33* in crypto tokens and stocks. *Western States Envelope & Label Inc.*, Case No. 26-cv-0058-BHL, ECF No. 11 at 3. While the value of these assets can fluctuate, the differing numbers and the omissions in Somers's submissions—which he made under penalty of perjury—are concerning. *See id.* at 4.

The Court accepts Somers's latest sworn response and, given his explanations, concludes that his prior misstatements concerning his financial situation were the result of negligence rather than willfulness. Accordingly, the Court will deem its order to show cause satisfied. Somers must understand, however, that even a *pro se* plaintiff has an obligation to take reasonable care in making statements to the Court. Somers's prior representations to the Court were careless and, if they continue, could result in him being sanctioned both with a monetary fine and dismissal of his claims. Somers's admission that he is using artificial intelligence (AI) does not excuse him from his own personal responsibility for ensuring the truthfulness of his submissions. AI has the potential for being a helpful tool for a *pro se* plaintiff, allowing a non-lawyer to synthesize his writings and present issues to the Court. But AI remains a tool, and the person who uses it remains responsible for the end product. AI is not a license to misrepresent facts or law. "[A]ll litigants— represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal." *Jones v. Kankakee Cnty. Sheriff's Dept.*, 164 F.4th 967, 970 (7th Cir. 2026). Somers is reminded that every submission to the Court includes a representation from him that to the best of his "knowledge, information, and belief," the "factual contentions have evidentiary support" and the "legal contentions are warranted by existing law or

by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2)–(3).

The Court also concludes, based on Somers's latest reporting, that he has sufficient assets and income to pay the filing fees for his various lawsuits, if he wants to continue them. Somers confirms he owns assets worth $3,046.18. While some of those assets may not be liquid or immediately accessible, they are nonetheless valuable property that Somers owns, undercutting any finding that he is destitute and unable to pay the basic filing fee. Somers has also confirmed that he has a well-paying job. Based on his latest sworn statement, his gross annual pay at this position is at least $72,800. This is substantial income and provides him a source of funds to pay the filing fee. *See Brewster*, 461 F.2d at 651 (affirming a district court's denial of IFP based on salary alone). That Somers has other small debts and basic living expenses is unsurprising and does not excuse him from paying the filing fee. The total cost of filing a civil action is only $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. Somers's income and assets make clear that he can afford this fee; he is not a "truly impoverished litigant[] who . . . would remain without legal remedy if [IFP] were not afforded to" him. *See id.* at 651.

The Court also notes that Somers has chosen to file multiple federal lawsuits over the past several months. Each of these lawsuits carries its own fee, which is a relatively small price to pay to engage the federal courts and his adversaries in time consuming and potentially costly litigation. No one is forcing Somers to file any of these lawsuits. If Somers wishes to hail the named defendants into federal court and occupy the Court's time and resources, like all litigants, he must pay the cost of doing so and must be prepared to comply with his obligations as plaintiff. The Court encourages Somers to consider whether he is willing to undertake those costs and obligations. Rather than filing multiple lawsuits, some of which have already been dismissed, he should identify the claims he genuinely believes have merit and focus on those. He will find the burden of paying the fee more manageable if he limits his filings to lawsuits that have more merit.

The Court will allow Somers thirty days to pay the filing fee. If he fails to pay the filing fee, the case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c). The Court notes that, because the dismissal would be without prejudice, Somers may choose to wait and bring his claims when he has the available funds.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court's Order to Show Cause, ECF No. 10, is **SATISFIED**.

**IT IS FURTHER ORDERED** that the Court's Order Granting Somers IFP, ECF No. 6, is **REVOKED**. Somers has until **June 25, 2026** to pay the filing fee. If Somers does not pay the filing fee, his case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on May 26, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge