UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM JOSEPH SOMERS,

                    Plaintiff,

                                                    Case No. 26-cv-0058-bhl

        v.

WESTERN STATES ENVELOPE & LABEL INC.,
ROSE MONTALVO, and KEVIN LOY,

                    Defendants.

## ORDER DENYING MOTION TO PROCEED IFP

Within four months, Plaintiff William J. Somers, proceeding *pro se*, has filed five lawsuits and asked for permission to proceed with each *in forma pauperis* (IFP) or without prepayment of the filing fee. (ECF No. 1); *see also Somers v. Welker*, Case No. 26-cv-0028-BHL, ECF No. 1 (Jan. 8, 2026); *Somers v. Schotzko*, Case No. 26-cv-0155-BHL, ECF No. 1 (Jan. 29, 2026); *Somers v. Village of Menomonee Falls*, Case No. 26-cv-0182-BHL, ECF No. 1 (Feb. 3, 2026); *Somers v. U.S. Dep't of Labor*, Case No. 26-cv-0653-BHL, ECF No. 1 (Apr. 15, 2026). In the first four cases, the Court granted Somers's IFP motions (although two of his cases have since been dismissed for failure to state a claim). (ECF No. 6); *see also Welker*, Case No. 26-cv-0028-BHL, ECF No. 10; *Somers v. Schotzko*, Case No. 26-cv-0155-BHL, ECF Nos. 4 & 6; *Village of Menomonee Falls*, Case No. 26-cv-0182-BHL, ECF Nos. 4 & 5. After his fifth motion for IFP, *U.S. Dep't of Labor*, Case No. 26-cv-0653-BHL, ECF No. 2, the Court noted discrepancies in Somers's representations about his finances and ordered him to confirm that the information in his fifth application was accurate and to explain the differences in his prior representations, (ECF No. 10.) On May 4, 2026, Somers responded to the Court's order with a five-page submission signed under penalty of perjury. (ECF No. 11.) The Court then reviewed Somers's submission, determined that the inaccuracies were not made in bad faith, and found its show cause order satisfied. (ECF No. 18.) But the Court also determined that Somers was not sufficiently indigent to warrant a fee waiver, revoked his IFP status, and gave him until June 25, 2026 to pay the fee.

(*Id.*)  The Court warned that, if Somers did not pay the fee, then his case would be dismissed without prejudice.  (*Id.*)

In a "notice of updated financial circumstances," dated May 30, 2026, Somers explained that he intended to pay the filing fee in the present case.  (ECF No. 19 at 7.)  But, in a second "notice of updated financial circumstances," dated June 9, 2026, Somers "respectfully requests" that the Court permit him to proceed IFP.  (ECF No. 25.)  The Court will treat this "notice" as a renewed motion for IFP.

As explained in prior orders, the Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee.  *Cf.* 28 U.S.C. §1915(a)(1).  Somers's IFP application includes information about his finances and is signed under penalty of perjury, satisfying the first IFP requirement.  *See id.*; (ECF No. 25 at 5.)  Somers's latest motion indicates that he has again lost his job but "is not entirely without income."  (ECF No. 25 at 1.)  He "applied for unemployment that pays a maximum of" $1,480.  (*Id.* at 3.)  He also has:  $37 in a checking account; $300 in a savings account; $718 in a Binance.us account; $528 in "XRP;" $300 worth of "AVAX tokens;" $442 in stocks; and $256 in bitcoin.  (*Id.* at 1–2.)  Somers has a 2001 Honda CR-V, a 2006 Scion xB, and a second 2006 Scion xB "kept for parts."  (*Id.* at 2.)  He also owes $75 for a Cash App loan, $820 on a credit card, $3,000 in student loans, about $611 in his Coinbase account, and over $10,000 in "guardian ad litem fees from a prior paternity case."  (*Id.* at 3.)  He pays, per month, $865 for rent, $220 for utilities, approximately $83 for auto insurance, $60 for gas, $650 for food and "household necessities," and $900 for "care for two senior dogs."  (*Id.*)  Somers further maintains that he "faces necessary but currently deferred costs," including dental care for himself and his dogs.  (*Id.* at 3–4.)

On these facts, the Court will deny Somers's IFP motion, because (as already explained) he is not sufficiently indigent to warrant a fee waiver.  While a plaintiff need not show that he is totally destitute to establish indigence, *see Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).  The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee.  It is unclear whether Somers currently receives $1,480 per month in unemployment.  But he has

approximately $1,970 in checking, savings, stocks, and other assets—he can use these funds to pay the filing fee. "Litigation is not a free good," and payment causes the "plaintiff to think about the case and not just file reflexively." *See Lumbert v. Ill. Dep't of Corrections*, 827 F.2d 257, 259 (7th Cir. 1987). Somers's decision to use money on miscellaneous expenses rather than to file a complaint "demonstrate[s] an implied evaluation of the suit" that the Court is "entitled to honor." *See id.* Somers is in significantly better financial condition than many litigants in this Court and has the financial resources to facilitate payment of the filing fee. Somers's June 25, 2026 deadline to pay the filing fee stands. If he does not pay the filing fee by that deadline, his case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c). The Court reminds Somers that, because the dismissal would be without prejudice, he may choose to accept dismissal, wait, and then bring his claims later, when he has the available funds, subject to any applicable limitations period.

Accordingly,

**IT IS HEREBY ORDERED** that Somers's motion to proceed IFP, ECF No. 25, is **DENIED**.

Dated at Milwaukee, Wisconsin on June 12, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge