UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM JOSEPH SOMERS,

        Plaintiff,

                                        Case No. 26-cv-0058-bhl

    v.

WESTERN STATES ENVELOPE & LABEL INC.,
ROSE MONTALVO, and KEVIN LOY,

        Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION AND DISMISSING CASE

---

Plaintiff William Somers has filed multiple cases in this Court and has made multiple requests to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). In this case alone, the Court has entered three orders addressing Somers's financial situation, and, on June 12, 2026, ordered him to pay the full filing fee by June 25, 2026. (ECF Nos. 6, 18, & 26.) Somers has not made any payment toward the fee and now seeks reconsideration of the Court's order or a further extension of his deadline to pay the fee. (ECF No. 27.) For reasons previously provided and summarized again below, Somers's requests are denied. Somers has now had six months to save for and pay the filing fee but has not done so. And his filings confirm that he has substantial assets, and, for substantial periods during the pendency of this case, has had a well-paying job. Having failed to pay the filing fee, Somers's case will be dismissed.

This case began six months ago, on January 13, 2026, when Somers, proceeding without an attorney, filed his initial complaint along with a motion to proceed without prepayment of the filing fee, or *in forma pauperis*. (ECF Nos. 1 & 2.) His IFP motion indicated that he made approximately $40,800 per year. (ECF No. 2.) Less than two weeks later, on January 26, 2026, Somers filed an amended IFP motion along with a "notice of material change in financial circumstances" indicating that he had lost his job. (ECF Nos. 4 & 5.) Based on his updated filing, the Court screened his initial complaint and granted his IFP motion on February 18, 2026. (ECF No. 6.) The Court later noticed discrepancies in Somers's representations to the Court concerning

his financial situation in various filings made in this and other cases. Accordingly, on April 16, 2026, the Court issued a show cause order directing Somers to explain these discrepancies. (ECF No. 10.) He provided a detailed response on May 4, 2026, (ECF No. 11), and, based on his explanations, the Court determined that errors were matters of inadvertence, not bad faith, and deemed its show cause order satisfied, (ECF No. 18.) The Court also determined based on Somers's clarification of his financial situation that he was not indigent and therefore revoked his IFP status and gave him until June 25, 2026 to pay the filing fee. (*Id.*) The Court cautioned that if Somers did not timely pay the fee, his case would be dismissed without prejudice. (*Id.*)

Somers responded by filing two further financial updates. In the first, he explained his situation but indicated that he planned to pay the filing fee. (ECF No. 19.) In the second, he reiterated that he did not seek "to avoid paying the filing fee," but reported he was "no longer employed at the position previously described." (ECF No. 25.) He cryptically noted that he was "not entirely without income" and confirmed that he had applied for unemployment benefits. (*Id.*) He then asked the Court to permit him "to proceed without prepayment of fees and/or expenses to the extent permitted by law." (*Id.* at 5.) The Court treated this second update as a renewed IFP motion and denied it, explaining that, based on his filings, Somers remained able to pay the fee. (ECF No. 26.) The Court ordered Somers to pay the fee by June 25, 2026 and expressly stated that if he did not pay the filing fee by that deadline, his case would be dismissed without prejudice for failure to prosecute. (*Id.*) Notwithstanding that warning, Somers has not paid any part of the fee and has instead filed his latest motion for reconsideration. (ECF No. 27.)

Somers's motion incorrectly cites Federal Rule of Civil Procedure 54(b), but that rule does not apply. Consistent with its typical practice, the Court will treat his request for reconsideration under Federal Rule of Civil Procedure 60(b). Relief under Rule 60(b) is "extraordinary," and therefore it should only be granted in "exceptional circumstances." *In re Cook Medical, Inc.*, 27 F.4th 539, 542 (7th Cir. 2022). Rule 60(b) allows the Court to grant relief from an order based on (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. Somers's motion contends that the Court made numerous mistakes and, thus, the Court will construe his motion as one under Rule 60(b)(1). The Rule "covers all mistakes of law made by a judge." *Kemp v. United*

*States*, 596 U.S. 528, 534 (2022). But Somers has not established that the Court made a mistake warranting Rule 60(b)'s extraordinary relief.

Somers first argues that the Court applied the wrong legal standard. (ECF No. 27 at 2.) He cites the Supreme Court's decision in *Adkins v. E.I. DuPont*, 335 U.S. 331 (1948), which addressed a widow's motion to proceed on appeal without prepayment of the filing fee. In that case, the Court confirmed that a litigant need not be "absolutely destitute" to qualify for IFP status. The Court's ruling on Somers' IFP motion is consistent with *Adkins*. Indeed, the Court specifically recognized that a "plaintiff need not show that he is totally destitute to establish indigence." (ECF No. 26 at 2.) The Court also cited more recent refinements of the standard from the Seventh Circuit, *Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980) and *Lumbert v. Ill. Dep't of Corrections*, 827 F.2d 257 (7th Cir. 1987), and explained that Somers's financial situation was sufficient for him to pay the cost of the lawsuit that he chose to bring. The Court applied the correct standard and under that standard Somers is not eligible for IFP treatment. Indeed, his situation is far different than the widow in *Adkins*.

Somers also makes a number of efforts to convince the Court that, notwithstanding his assets and income, he is entitled to avoid prepaying the required filing fee. None of these arguments is convincing. His complaint that he holds some of his assets (crypto tokens) in a form that are not easily or immediately accessible to him does not make him indigent. He may choose to continue to hold his assets in this form, but that does not insulate him from paying the fees required to proceed with a lawsuit (or his taxes or any other monetary obligation he takes on). His complaint that the Court relied upon his own admission that he was seeking unemployment compensation also falls flat. He raised the issue himself and, regardless, his latest filing confirms that he has new employment that will pay him $38.00 per hour. (ECF No. 27 at 4.) That admission dooms his claim to be indigent.

In sum, Somers's contentions that requiring him to pay the filing fee would leave him without the ability to provide himself with the necessities of life are refuted by the record. The Court generously granted him IFP status when Somers provided notice that he had lost his job but later revoked that status after Somers confirmed that his financial situation did not make him a pauper. Nothing in Somers's latest filing suggests that the Court's determination was wrong. Indeed, the record confirms that Somers has adequate assets and, over the six months this case has been pending, has had solid income from which he could have saved the money necessary to pay

the relatively modest filing fee.  As the Court has previously explained, "[l]itigation is not a free good." *Lumbert*, 827 F.2d at 259.  By choosing to pursue a civil case, Somers has elected to burden others to address his legal claims.  If he wants to impose those burdens, he must, among other things, pay the filing fee.

The Court will also decline Somers's alternative request for still more time to pay the filing fee.  This case has been pending for half a year.  Over the course of that time, Somers has made a number of inconsistent and potentially less-than-forthcoming statements about his financial situation.  The Court excused his prior inconsistencies, chalking them up to mere inadvertence rather than bad faith, but the fact remains that Somers has substantial assets and has been employed at good paying jobs.  In these circumstances, the Court will not excuse his failure to pay the required fee by the current deadline, which falls months after he would have originally been required to pay the fee.

Accordingly,

**IT IS HEREBY ORDERED** that Somers's motion for reconsideration, ECF No. 27, is **DENIED**.  The case is **DISMISSED without prejudice**.  The Clerk of Court is instructed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss, ECF No. 22, is **DENIED without prejudice** as moot.

Dated at Milwaukee, Wisconsin on July 13, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge